IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | |
| DONTERRIUS TOOMBS, | : | |
| TONY WYNN, and | : | CASE NO. 1:13-cr-00051 (WLS) |
| STEPHON WILLIAMS, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

The Government has submitted notice of its intent to introduce statements of Defendants' co-conspirators at trial. (Doc. 180.)

The Federal Rules of Evidence dictate that a "statement offered against an opposing party [that] was made by the party's coconspirator during and in furtherance of the conspiracy" is admissible as non-hearsay. Fed. R. Evid. 801(d)(2)(E). To introduce statements of coconspirators, "the government must establish by a preponderance of the evidence: (1) that a conspiracy existed, (2) that the defendant and the declarant were members of the conspiracy, and (3) that the statement was made during the course and in furtherance of the conspiracy." *United States v. Schlei*, 122 F.3d 944, 980 (11th Cir. 1997) (citing *United States v. Van Hemelryck*, 945 F.2d 1493, 1497-98 (11th Cir. 1991)).

The government must demonstrate, either in a pre-trial hearing or during the government's case-in-chief, "at least enough substantial, independent evidence of a conspiracy to take the issue to the jury, and that there is similarly substantial, independent evidence linking the defendant against whom the evidence is offered to the conspiracy."

1

*United States v. Gold*, 743 F.2d 800, 813-14 (11th Cir. 1984) (citing *United States v. James*, 590 F.2d 575, 580-82 (5th Cir. 1979)). Before the jury retires to deliberate, the trial judge must make a factual determination that the prosecution has demonstrated the *Schlei* factors by a preponderance of the evidence. *Id.* at 814. If the government does not meet its burden under *Schlei*, the court may strike the evidence or give a cautionary instruction to the jury. *Id.* (citation omitted).

A pretrial hearing on the admissibility of co-conspirator statements is not mandatory. *See United States v. Espino-Perez*, 798 F.2d 439, 441 (11th Cir. 1986). In its Notice, the Government states that it will adequately demonstrate at trial the foundation required for introduction of co-conspirator statements. (Doc. 186 at 19.) The Court, therefore, will rule on the admissibility of co-conspirator statements at trial. Nothing herein relieves the Government of its affirmative duty to establish the legal and factual basis for the admission of any purported coconspirator statement.

**SO ORDERED**, this 7th day of October, 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**